## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

      Plaintiff,

vs.                                                                                   No. 14-CR-2478 JP

JOSE SALVADOR LOPEZ-CAMACHO,

      Defendant.

### MEMORANDUM OPINION AND ORDER

On July 17, 2014, Defendant entered into a plea agreement with the United States under Fed. R. Crim. P. 11(c)(1)(C) (Doc. No. 13). Fulfilling his part of the bargain, Defendant entered a guilty plea to an Information (Doc. No. 10) charging him with illegally reentering the United States after a previous deportation, thereby violating 8 U.S.C. §§ 1326(a) & (b).

Defendant's Plea Agreement states that the United States Sentencing Guidelines will determine the sentence this Court will impose. Doc. No. 13 at 2. Under the agreement, the parties agreed that Defendant's guideline sentence would in turn be determined by a presentence investigation conducted by the United States Probation Office. *Id.* But Defendant reserved the right to "make legal arguments regarding the application of U.S.S.G § 2L1.2…." *Id.* Defendant now exercises that right, arguing that an 8-level enhancement that the Government and the Probation Office believe appropriate is in fact prohibited.

### BACKGROUND

The base offense level for unlawfully reentering the United States in violation of 8 U.S.C. § 1326(a) is 8. USSG § 2L1.2(a). The United States argues, and the Probation Officer agrees, that Defendant should be subject to an additional 8-level enhancement under USSG § 2L1.2(b)(1)(C) based on a conviction of an aggravated felony.

Defendant pleaded guilty to a three-count indictment in Arizona state court on March 18, 2008. Count 3 of that indictment charged that on April 20, 2006, Defendant "knowingly possessed a handgun, a deadly weapon, while being a prohibited possessor, in violation of A.R.S. §§ 13-3101 [&] 13-3102." Ariz. Rev. Stat. §§ 13-3101 & 3102 describe a crime with two elements: (1) the Defendant is a "prohibited possessor" as defined in Ariz. Rev. Stat. § 13-3101; and (2) the Defendant knowingly engages in "misconduct involving weapons" as defined in *id.* § 13-3102.

The Sentencing Guidelines do not define "aggravated felony." Instead, "[f]or purposes of subsection (b)(1)(C), "aggravated felony" has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)), without regard to the date of conviction for the aggravated felony." USSG § 2L1.2 comment. Title 8 U.S.C. § 1101(a)(43), in turn, defines a number of offenses as aggravated felonies. The offense at issue here is found in 8 U.S.C. § 1101(a)(43)(E)(ii), which classifies the offense "described in" 18 U.S.C. § 922(g)(5) as an "aggravated felony." That section incorporates identical State law offenses by reference. 8 U.S.C. § 1101(a)(43). Section 922(g)(5), finally, provides:

> It shall be unlawful for any person…illegally or unlawfully in the United States…to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The issue in this case is whether Defendant's previous Arizona conviction for violating Ariz. Rev. Stat. § 13-1302 is "described in" 18 U.S.C. § 922(g)(5).

## DISCUSSION

As a general rule, a sentencing court "must only look to the statutory definition, not the underlying circumstances of the crime," to determine whether a defendant has previously committed an offense that triggers a sentencing enhancement. *United States v. Reyes-Castro*, 13

F.3d 377, 379 (10th Cir. 1993). There is one exception to this rule, however: "When the underlying statute reaches a broad range of conduct, some of which merits an enhancement and some of which does not," a court may resolve whether the previous conviction involved conduct that qualifies for an enhancement by "consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy…." *United States v. Venzor-Granillo*, 668 F.3d 1224, 1228 (10th Cir. 2012).

The first question in this case is whether the Arizona statute Defendant was convicted under extends to a range of conduct broader than that covered by 18 U.S.C. § 922(g)(5). Defendant relies on *United States v. Sandoval-Barajas*, 206 F.3d 853 (9th Cir. 2000) for the proposition that the Arizona statute is broader than Section 922(g)(5). In *Sandoval-Barajas*, the issue was whether the defendant's prior conviction under a Washington statute that made it a felony for any non-registered alien to possess a firearm was an "aggravated felony" as defined in USSG § 2L1.2(b)(1)(C). 206 F.3d 853, 855.

The *Sandoval-Barajas* court first noted that when a defendant's prior conviction is based on a guilty plea, "the issue is not whether the actual conduct constituted an aggravated felony, but whether the *full range* of conduct encompassed by the state statute constitutes an aggravated felony." *Id.* at 856 (emphasis original) (quotation omitted). Turning to the Washington statute, the court concluded that the statute encompassed a broader range of conduct than 18 U.S.C. § 922(g)(5) in two respects. First, the Washington statute did not have an interstate commerce element. *Id.* Second, the Washington statute applied to all aliens, legal or illegal, who did not obtain a state firearms registration. Section 922(g)(5) is narrower: it does not establish a licensing regime, and it only applies to illegal or nonimmigrant aliens. *Id.*

3

Under the version of Ariz. Rev. Stat. § 13-3101 in effect at the time of Defendant's conviction, "prohibited possessor" included "any person…[w]ho is a prohibited possessor under 18 [U.S.C §] 922(g)(5)[.]" Doc. No. 23-2 at 2. But Ariz. Rev. Stat. § 13-3101's definition of "prohibited possessor" does more than incorporate Section 922(g)(5) by reference. Section 13-3101 also includes anyone "found to constitute a danger to self or to others or to have persistent or acute disabilities or grave disabilities pursuant to court order[;]" felons; prisoners; and domestic violence offenders. Ariz. Rev. Stat. § 13-3101(A)(7)(a)–(d).[1]

Since the Arizona statute is broader than 18 U.S.C. § 922(g)(5), the question becomes whether there are any reliable judicial records that can establish that by pleading guilty to the Arizona indictment, Defendant necessarily admitted to the elements of 18 U.S.C. § 922(g)(5). *Venzor-Granillo*, 668 F.3d at 1228. The United States argues that two items constitute "reliable judicial records" that can establish that Defendant admitted to being an illegal alien when he pleaded guilty to the Arizona charges. The first is a presentence report that says "Defendant should receive 2 years supervised probation because…he illegally re-entered the United States after being ordered not to return…and he was in possession of a firearm." Doc. No. 23-3 at 4. The second is the Arizona indictment, which states that Defendant "knowingly possessed a handgun, a deadly weapon, while being a prohibited possessor, in violation of [Ariz. Rev. Stat.] §§ 13-3101, 13-3102, 13-701, 13-702, 13-702.01, and 13-801." *See* Doc. No. 23-4 at 2.

Start with the indictment. It is beyond dispute that an indictment is the kind of "reliable judicial record" that may be permissibly consulted in order to determine whether to apply a sentencing enhancement for a prior conviction. *Venzor-Granillo*, 668 F.3d at 1228. But while the

---

[1] Ariz. Rev. Stat. § 13-3102 also defines possession to include objects that would otherwise not be covered by 18 U.S.C. § 922(g)(5). *See United States v. Martinez*, 756 F.3d 1092, 1095 (8th Cir. 2014) (describing how Section 13-3102 prohibits conduct that would otherwise not run afoul of Federal firearms possession statutes). But the parties do not dispute that the charging document establishes Defendant's conviction was for possession of a handgun, so this particular aspect of Section 13-3102's breadth is not at issue here.

indictment satisfies one element of 922(g)(5)—handgun possession—the indictment does not establish the other element, that is, which kind of "prohibited possessor" Defendant admitted he was in pleading guilty to the indictment.

The Arizona presentence report (PSR) makes clear that Defendant was likely convicted because he was an illegal alien, but police and presentence reports may not be used to establish the existence of a predicate offense that requires a sentencing enhancement. *See*, *e.g.*, *Shepard v. United States*, 544 U.S. 13, 24 (2005) (police report may not establish that a guilty plea to charges under nongeneric burglary statute necessarily involved admission of elements of generic burglary offense); *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005) ("the district court was not permitted to rely on the PSR's characterization of the offense in order to make its determination of whether it was a drug trafficking offense." (quotation omitted)); *United States v. Castillo-Marin*, 684 F.3d 914, 919 (9th Cir. 2012) ("Our precedent is clear that a district court may not rely on a PSR's factual description of a prior offense to determine whether the defendant was convicted of a crime of violence[.]").

In *Shepard*, the United States Supreme Court described the rationale for prohibiting the use of police reports from imposing sentencing enhancements. The Court noted that under *Taylor v. United States*, 495 U.S. 575 (1990), the Court "drew a pragmatic conclusion about the best way to identify generic convictions in jury cases, while respecting Congress's adoption of a categorical criterion that *avoids subsequent evidentiary enquiries into the factual basis for the earlier conviction*." *Shepard*, 544 U.S. at 20 (emphasis added). Thus, when a sentencing court is faced with deciding whether a conviction under a specific statute fits into a generic federal enhancement provision, the sentencing court is only permitted to consult "charging documents

filed in the court of conviction, or…recorded judicial acts of that court limiting convictions to the generic category, as in giving instruction to the jury." *Id.*

Shepard extended the *Taylor* rule to convictions obtained through guilty pleas because it concluded that *Taylor*'s rationale applied with similar force in that context. The *Shepard* court reasoned that while admissions of fact in a plea agreement are reliable judicial records that can support a future sentencing enhancement, the absence of a plea agreement admitting those facts raises concerns over the defendant's right to factual determinations by a jury under the Sixth Amendment. *Shepard*, 544 U.S. at 24 (citing *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000)).

Defendant's Arizona PSR is not the kind of "reliable judicial record" that can be used to apply a sentencing enhancement because it does not establish whether Defendant admitted those facts in pleading guilty or that the Arizona court found those facts in order to enter the conviction.[2] The Court in *Shepard* considered and rejected the propriety of such admissions because they would encourage subsequent evidentiary enquiries into the factual bases of earlier convictions. If the Court considers the PSR, Defendant would be entitled to present evidence that either undermined the PSR's veracity or established that Defendant fell under one of the statute's other definitions of a "prohibited possessor." This is exactly the sort of factual exhumation that *Taylor* rejected.

The strongest argument for applying the enhancement anyway is that Defendant is and always was an illegal alien, so the question of whether Defendant admitted to that fact in the Arizona proceeding would be irrelevant. In other words, because Defendant is an illegal alien today and does not dispute that he was an illegal alien at the time of the offense, it should not matter whether his guilty plea "established" that he was an illegal alien. Thus, *Taylor* and

---

[2] This logic applies with equal force to the police reports the United States submitted and from which the PSR appears to quote. *See* Doc. No. 24 at 4 n. 2 (arguing that the PSR contains hearsay police reports).

*Shepard* do not apply because any prejudice to Defendant's right to factual findings by jury in the Arizona proceeding was cured by his admission in the present Rule 11(c)(1)(C) agreement that he is indeed guilty of illegal reentry in violation of 8 U.S.C. § 1326. *See* Doc. No. 13 at 6 (plea agreement admission of fact). But this argument fails because it still requires this Court to do what *Shepard* expressly prohibits: "make a disputed finding of fact about what the defendant and state judge must have understood as the factual basis of the prior plea[.]" *Shepard*, 544 U.S. at 24.

The Defendant could have entered into a guilty plea in the Arizona proceeding for any number of reasons. Perhaps his consideration for forgoing his right to trial was an agreement from Arizona state prosecutors to elide any reference to his immigration status in those documents that Defendant's counsel knew could be used to establish a later sentencing enhancement. Whether Defendant signed the Arizona plea agreement for this reason is of course pure speculation; but that kind of speculation is exactly what *Taylor* and *Shepard* forswear in order to prevent courts from retrying past convictions at sentencing.

## CONCLUSION

No reliable judicial records establish that Defendant has been previously convicted for an offense "described in" 18 U.S.C. § 922(g)(5). Therefore, the Court REJECTS the proposed 8-level enhancement under USSG § 2L1.2(b)(1)(C) for prior commission of an aggravated felony. Defendant's OBJECTION TO PRESENTENCE INVESTIGATION REPORT (Doc. No. 18) is SUSTAINED.

_____
SENIOR UNITED STATES DISTRICT JUDGE